

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

*One Pierrepont Plaza, 14th Floor*

*147 Pierrepont Street*
*Brooklyn, New York  11201-2776*

March 9, 2006

**BY ELECTRONIC COURT FILING AND**
**COURTESY HAND DELIVERY**

Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

   Re:  <u>Gill v. Spellings</u>, No. 00-CV-5453 (SLT/VVP)

Dear Judge Townes:

  We write to follow up on the status report which the plaintiffs filed in the above-referenced class action lawsuit on February 15, 2006.

  After lengthy negotiations, the parties have reached final agreement as to the terms of a stipulation of settlement, fully and finally resolving all of the claims and causes of action asserted in the plaintiffs' complaint.  Pursuant to Fed. R. Civ. P. 23(e)(1)(A), the parties respectfully lodge the enclosed copy of their settlement stipulation with the Court for its consideration and eventual approval.

  Pursuant to Rule 23(e)(1)(B) and (C), the parties jointly and respectfully ask the Court to defer its approval and entry of the settlement stipulation until after notice of the proposed settlement has been provided to all class members and until after the Court has conducted a hearing to determine whether the settlement is fair, reasonable, and adequate.  To that end, the parties have prepared the enclosed "Consent Order Pursuant to Fed. R. Civ. P. 23(d)(2) and 23(e)(1)(B) Regarding Notice to Class Members of Proposed Settlement," and we respectfully and jointly ask the Court to enter this Consent Order at this time.  This Consent Order specifies the nature and means of notice to class members and also establishes the deadlines for the submission by class members of objections to the settlement and the date for the fairness hearing.  We ask that the Court schedule the fairness hearing on a date convenient to the Court which is at least 210 days after the date on which the Court enters the Consent Order.

  Exhibit B to the Consent Order is the draft of the Notice of Proposed Settlement, which  the parties jointly prepared and which the Department of Education proposes to send to the class members in accordance with Rule 23(e)(1)(B).

  There are two issues outstanding with regard to the Consent Order and the class Notice which the parties ask the Court to resolve before entering the Consent Order.  First, Plaintiffs have requested that the Department of Education be required by the Consent Order to include a Spanish-language version of the

Honorable Sandra L. Townes
*Gill v. Spellings*, No. 00-CV-5453 (SLT/VVP)
March 9, 2006
Page 2

Notice of Proposed Settlement in the notice packet sent to the class members. Plaintiffs aver that a significant percentage of the class members have Spanish as their primary language and have argued that a Spanish-language version of the notice would be more likely to ensure that all class members will understand the notice. Plaintiffs further aver that notices are routinely sent out to class members in both English and Spanish. Plaintiffs aver that any additional expense to the government of including a Spanish version of the notice would be minimal, and, to this end, have offered to prepare a Spanish-language version of the Notice for inclusion in the package that the Department sends to class members. Plaintiffs consider the reasons articulated by the Department for not including a Spanish-language version of the class notice to be untenable.

The Department objects to the inclusion of such a requirement in the Consent Order. First, the normal practice in class action lawsuits of this nature (i.e., APA challenges to government regulations in which the settlement does not provide monetary relief to the class members but only injunctive relief directed to the government) is to provide notice to the class members only in English; the Department is unaware of any statutory authority or judicial precedent for requiring a defendant in a class action lawsuit to incur the expense of providing notice to class members in multiple languages. Second, we believe that the statement at the bottom of each page of the notice (¿PREGUNTAS? LLAME AL (212) 613-5007) is sufficient to protect the rights of Spanish-speaking class members: those class members who require a Spanish-language version of the notice would simply call plaintiffs' counsel at the stated number and request that counsel send them a copy in Spanish. Third, it is likely that members of the class speak a large variety of languages in addition to Spanish, and the Department does not see it as appropriate to provide Spanish-speakers with special treatment, or to invite class members whose native language is neither English nor Spanish to assume that they are entitled to receive notice in their native language. And finally, while the Department does not object to plaintiffs' counsel providing their own Spanish translation of the notice to class members who request one from them, the Department is unwilling to lend its imprimatur to a Spanish translation prepared by plaintiffs' counsel or to create an inference that it has approved such a translation.

The version of the Consent Order submitted herewith does not include a requirement that the Notice be also sent out in Spanish, but, in view of their dispute, the parties request guidance from the Court as to whether or not such a requirement should be included.

In addition to the foregoing, there is one outstanding issue with regard to the Notice which the parties would like the Court to resolve. The government believes the Notice should contain the following additional paragraph after paragraph 9 on page 7:

> 10.     How will the lawyers be paid?
>
> As part of the proposed settlement agreement, Class Counsel will be paid a fee of $40,000 for their services in bringing this lawsuit and in obtaining this proposed settlement agreement on behalf of student loan debtors. Had the amount of attorneys' fees awarded been greater or less than this amount, it may not have been possible for the parties to reach a proposed settlement,

Honorable Sandra L. Townes
*Gill v. Spellings*, No. 00-CV-5453 (SLT/VVP)
March 9, 2006
Page 3

>   or the terms of the proposed settlement agreement may well have been different than what was agreed upon.

The government believes it is important to advise the class members of all critical provisions of the settlement agreement; because the attorneys' fees provision was the subject of such intensive negotiations between the parties, we feel it appropriate to include this language in the Notice. Indeed, all of the sample notices to class members set forth on the website of the Federal Judicial Center, www.fjc.gov, contain provisions describing the attorney-fee terms of the proposed settlement.

Plaintiffs object to the inclusion of this paragraph on the ground that, in their view, it is not necessary and will confuse class members and raise many issues not germane to their interests in the content of the settlement. According to Plaintiffs' counsel, they have settled numerous class actions and negotiated numerous Notices of Class Action Settlement, and the question of including discussion of attorneys' fees in the Notice has never been raised. Plaintiffs aver that this class Notice is already very long and that any provisions not necessary should be omitted. Plaintiffs argue that the presence of this language in notices on the Federal Judicial Center website is not dispositive, and that the class members in this case are by definition poorly educated and unsophisticated.

The version of the Notice attached to the Consent Order does not include this language regarding attorneys' fees, but, in view of their dispute, the parties request guidance from the Court as to whether or not this language should be included.

We appreciate your Honor's time and continued attention to this matter.

>   Respectfully submitted,
>
>   ROSLYNN R. MAUSKOPF
>   United States Attorney
>   Eastern District of New York
>
>   By:   /s/ {ELECTRONICALLY SIGNED}
>   F. FRANKLIN AMANAT
>   Assistant United States Attorney
>   (718) 254-6024

Encls.:  Proposed Stipulation of Settlement (with Exhibits A-D)
          Consent Order Pursuant to Fed. R. Civ. P. 23(d)(2) and 23(e)(1)(B) Regarding Notice to Class Members of Proposed Settlement (with Exhibits A and B)

Honorable Sandra L. Townes
*Gill v. Spellings*, No. 00-CV-5453 (SLT/VVP)
March 9, 2006
Page 4

cc (by e-mail only, w/o encls.):
    Jane Greengold Stevens, Esq.
    Sabrina Tavi, Esq.
    Caroline Hickey, Esq.
    New York Legal Assistance Group
    130 East 59th Street
    New York, NY  11231